UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN D. HUNTER,

    Plaintiff,

v.

RON DAVIS, et al.,

    Defendants.

Case No. 16-cv-03657-JST (PR)

**ORDER OF DISMISSAL**

Plaintiff, a prisoner at San Quentin State Prison (SQSP), filed a pro se complaint under 42 U.S.C. § 1983 alleging unlawful conditions of confinement after a failure to maintain the cooling tower at the SQSP healthcare facility led to an outbreak of an infectious disease. The Court identified various deficiencies in Plaintiff's complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In his amended complaint, Plaintiff alleges that staff at SQSP failed to adequately maintain the cooling tower at the SQSP healthcare facility. This led to an outbreak of Legionnaires' disease at the prison, and plaintiff was one of approximately 100 inmates that became infected. As a result of the disease, plaintiff suffered from fatigue, headaches, muscle pain, diarrhea, shortness of breath, liver and kidney damage, and joint pain. Exhibits attached the amended complaint show that he was treated for the infection.

Plaintiff names as Defendants SQSP warden Ron Davis, SQSP medical executive Elena Tootell, and SQSP chief maintenance supervisor Andy Crump. Plaintiff alleges that Defendant Crump failed in his duty to maintain the cooling tower and never tested the cooling tower for legionella, and that Defendants Davis and Tootell failed in their duty to ensure the safety and welfare of all inmates.

Although regrettable, Plaintiff's allegations that Defendants failed in performing their assigned duties amount to no more than a claim for negligence or gross negligence. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994). The applicable standard is one of deliberate

indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991).  The amended complaint, like the original complaint fails to satisfy the subjective prong of an Eighth Amendment claim in that it does not allege facts suggestive of deliberate indifference by prison officials to a known risk to Plaintiff's health or safety.  There is no indication that the omissions at issue were intentional or anything more than isolated occurrences of negligence or gross negligence by SQSP staff.  This may be enough for Plaintiff to pursue a negligence claim in state court, but it is not enough to state a deliberate indifference claim under § 1983 in federal court.

Accordingly, the action must be dismissed for failure to state a federal claim.  Further leave to amend will not be granted because the Court already has explained to Plaintiff the specific deficiencies in his pleadings, and he has been unable to correct them.  However, the dismissal is without prejudice to re-filing in state court based on an alleged violation of state law.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted.  The Clerk shall terminate all pending motions, enter judgment, and close the file.

IT IS SO ORDERED.

Dated:  February 27, 2017

_____
JON S. TIGAR
United States District Judge